**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Amador Rodriguez Magallan,

Petitioner

v.

John Mattos, et al.,

Respondents

Case No.: 2:26-cv-01928-JAD-EJY

**Order Dismissing Habeas Petition and Closing Case**

[ECF No. 19]

Amador Rodriguez Magallan is a Mexican citizen who was detained by Immigration and Customs Enforcement (ICE) agents in April 2026. He filed a habeas petition challenging his detention, alleging that ICE failed to give him a pre-deprivation hearing and that the immigration judge held a constitutionally inadequate bond-redetermination hearing. Before the court could decide his habeas petition, the government moved him to an Arizona processing center. It claims that it did so to effectuate his voluntary removal to Mexico, which it carried out in October. Because Magallan is no longer detained in the United States, this court lacks jurisdiction over his habeas petition. Magallan requests an evidentiary hearing to assess whether his removal was truly voluntary, but because Magallan's removal deprived the court of subject-matter jurisdiction, such a hearing would not be useful. So I dismiss his habeas petition and close this case.

**Background**

Petitioner Amador Rodriguez Magallan filed a habeas petition on June 25, 2026,[1] and I appointed counsel and gave Magallan 14 days to file an amended petition.[2] I also ordered the

[1] ECF No. 1.

[2] ECF No. 3.

government not to transfer Magallan out of this district "with the exception of effectuating [his] lawful deportation."[3] Before filing his amended petition, Magallan filed an emergency motion for the government to return him to Nevada because it had transferred him to an Arizona processing center on September 29, 2026.[4] I ordered the government to file a response explaining the purpose of Magallan's transfer and prohibited it from removing Magallan until I ruled on the emergency motion.[5]

The government claimed that Magallan agreed to voluntary departure after the immigration court issued a negative asylum decision, so it moved him to Arizona to effectuate his departure.[6] It attached the immigration judge's order denying asylum and withholding of removal and granting voluntary departure.[7] In his reply, Magallan asked the court to order the government to produce his Nevada Southern Detention Center (NSDC) mail log, which he argued would show that he appealed the asylum decision.[8] Magallan then filed his amended habeas petition, arguing that the government unlawfully detained him because he did not receive a required pre-deprivation hearing.[9] That petition is fully briefed.[10]

I ordered the government to produce Magallan's NSDC mail log, set a briefing schedule for him to respond to the government's production, and again ordered the government to return Magallan to Nevada and restrained it from effectuating his removal until I issued a final order on

---

[3] *Id.*

[4] ECF No. 15.

[5] ECF No. 16.

[6] ECF No. 17.

[7] ECF No. 17-1.

[8] ECF No. 18 at 2.

[9] ECF No. 19.

[10] ECF Nos. 22, 23.

his habeas petition.[11] The government produced Magallan's mail log, which shows that he sent an appeal to the Board of Immigration Appeals (BIA) on September 16, 2026.[12] But it also clarified that Magallan "voluntarily chose to depart and return to his country of citizenship" and that he "was returned to Mexico on his own volition on October 13, 2026."[13]

In his response, Magallan urges the court to hold the government accountable for transferring him despite the court's orders.[14] He also avers that the government failed to file the I-210 form verifying his departure as requested by the court.[15] And, Magallan argues, it is unlikely that he voluntarily agreed to depart the United States because he had filed an appeal of the immigration judge's decision.[16] He asks the court to hold an evidentiary hearing in which the government bears "the burden to show that [he] voluntarily, knowingly, and intelligently agreed to leave the country."[17] The government replied by filing Magallan's I-210, stating that it forgot to do attach the form to its first filing.[18] Magallan refused to sign that form, but it does show that he was removed to Mexico on October 13th.[19]

---

[11] ECF No. 24.

[12] ECF No. 25-1.

[13] ECF No. 25.

[14] ECF No. 26.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] ECF Nos. 27, 27-1.

[19] ECF No. 27-1.

## Discussion

### A. This court no longer has habeas jurisdiction over Magellan's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[20] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[21] But once a noncitizen is removed, he is no longer in custody, and district courts lose jurisdiction over the habeas claim.[22]

Despite this court's many orders for the government to keep Magallan in Nevada until his habeas petition was resolved, the government moved him to Arizona then effectuated his return to Mexico. I suspect that the government would argue that Magallan voluntarily agreed to return to Mexico after he received a negative immigration-court decision, so it did not violate a court order because it was carrying out his lawful deportation. Regardless, now that he has been removed to Mexico, this court no longer has jurisdiction over his habeas claim. So I can't assess the constitutionality of his custody-determination hearings or whether his BIA appeal should have stayed his removal. But I do note that Magallan's NSDC mail log indicates that he timely filed a BIA appeal after apparently agreeing to voluntary removal. Even though I recognize

---

[20] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[21] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[22] *See Martinez v. Napolitano*, 704 F.3d 620 (9th Cir. 2012) (finding that district courts lack jurisdiction over challenges to removal orders); *Nadarajah v. Gonzales*, 443 F.2d 1069 (9th Cir. 2006) (explaining that the 2005 REAL ID Act amended the Immigration and Nationality Act to eliminate "federal habeas corpus jurisdiction over final orders of removal"). There are some rare exceptions to this principle that aren't applicable here. *See Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996) (finding that the district court did not lack jurisdiction over petitioner's habeas petition because he had an immigration order staying his removal that the government failed to follow).

Magallan's counsel's concern with his removal, I do not find that it would be beneficial to hold an evidentiary hearing since his removal deprives this court of subject-matter jurisdiction. And even if the court retained jurisdiction over Magallan, it would not have jurisdiction to determine whether his removal was effectuated under a valid removal order. That is the real crux of his dispute now, and only the Ninth Circuit has jurisdiction over the validity of his removal order.[23] I thus dismiss his habeas petition for lack of subject-matter jurisdiction and close this case.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Amador Rodriguez Magallan's amended petition for a writ of habeas corpus **[ECF No. 19] is DISMISSED** for lack of subject-matter jurisdiction**, and the Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 25, 2026

[23] 8 U.S.C. § 1252(a)(5).